Filed 4/3/14  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C074214 |
| Plaintiff and Respondent, | (Super. Ct. No. MF036325B) |
| v. | |
| CHRISTOPHER JONES, | |
| Defendant and Appellant. | |

Defendant Christopher Jones pleaded no contest to attempted second degree robbery after he and a confederate tried to take the victim's wallet.

As relevant to this appeal, the court stated at sentencing it was imposing "$108 in revenue and security assessments" without stating the statutory basis for the base fine or assessments.  The sentencing minute order states that the court imposed a $38 "law enforcement fine," while the abstract of judgment refers to a $38 "law enforcement fee"; neither refers to the statutory basis for the fee or fine.

Defendant contends, and the People concede, the matter must be remanded to the trial court to set forth the amounts and statutory authority for all fines, fees, penalties, and assessments imposed.

1

We agree. In *People v. High* (2004) 119 Cal.App.4th 1192, 1200, this court stated: "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment. [Citations.] The abstract of judgment form used here, Judicial Council form CR-290 . . . provides a number of lines for 'other' financial obligations in addition to those delineated with statutory references on the preprinted form. If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.] Thus, even where the Department of Corrections has no statutory obligation to collect a particular fee, such as the laboratory fee imposed under Health and Safety Code section 11372.5, the fee must be included in the abstract of judgment. [Citation.]"

## DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court with directions to correct the abstract of judgment to reflect all fines, fees, penalties, and assessments. The court is directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                                                RAYE                    , P. J.


We concur:


            HULL                    , J.


            MAURO                , J.


2